IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| Vasilios Dourdoumis, | ) | Case No.: 8:20-cv-02303-JD-JDA |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | |
| | ) | **OPINION & ORDER** |
| Bryan K. Dobbs, Warden, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

This matter is before the Court with the Report and Recommendation of United States Magistrate Jacquelyn D. Austin ("Report and Recommendation" or "Report"), made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(c) of the District of South Carolina.[1] Petitioner Vasilios Dourdoumis ("Dourdoumis" or "Petitioner"), proceeding *pro se*, filed this petition against Respondent Bryan K. Dobbs, Warden ("Respondent"), challenging his federal conviction for being a felon in possession of a firearm in violation of 28 U.S.C. § 922(g)(1) pursuant to 28 U.S.C. § 2241. (DE 1.) Petitioner is a prisoner in the custody of the Federal Bureau of Prisons in South Carolina at the Williamsburg Federal Correctional Institution and seeks to vacate his felon-in-possession conviction and his immediate release from prison.

Petitioner contends that on June 9, 2011, Petitioner pled guilty, pursuant to a written plea agreement, to charges of felon-in-possession and possession with intent to distribute and was sentenced on September 27, 2011, to a term of imprisonment of 156 months and 120 months,

---

[1]     The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. See Mathews v. Weber, 423 U.S. 261, 270-71 (1976). The Court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

1

respectively, to be served concurrently. Thereafter, Petitioner filed a notice of appeal, and, on November 27, 2012, the United States Court of Appeals for the Fourth Circuit dismissed the appeal as untimely.

On May 8, 2013, Petitioner filed a motion to vacate his conviction and sentence in the sentencing court under 28 U.S.C. § 2255. By Order dated August 6, 2013, the sentencing court denied Petitioner's motion to vacate his conviction and sentence as untimely filed. On June 23, 2016, with authorization from the Fourth Circuit Court of Appeals, Petitioner filed a second motion to vacate his conviction and sentence in the sentencing court under 28 U.S.C. § 2255. By Order dated April 21, 2017, the sentencing court dismissed Petitioner's motion as time barred. Petitioner then filed a third motion to vacate his conviction and sentence in the sentencing court under 28 U.S.C. § 2255 on September 15, 2017. The sentencing court dismissed that motion as successive on September 26, 2017.

Petitioner filed the instant habeas action seeking relief from his conviction and sentence pursuant to 28 U.S.C. § 2241 in this Court, claiming that his felon-in-possession conviction is invalid in light of the Supreme Court's decision in Rehaif v. United States, 139 S. Ct. 2191 (2019). (DE 1, pp. 1-2; 1-3, p. 4.) Specifically, Petitioner contends that his guilty plea was not made knowingly and intelligently in light of Rehaif. (DE 1-3, p. 6.) Petitioner contends that the failure of the sentencing court to advise him of all the elements as required by Rehaif constitutes a structural error in light of United States v. Gary, 954 F.3d 194 (4th Cir. 2020).

On September 8, 2020, the Magistrate Judge issued the Report recommending this § 2241 Petition be dismissed without requiring the Respondent to file an answer or return because this Court lacks jurisdiction to consider the Petition. (DE 14.)

Dourdoumis filed an objection to the Report on September 21, 2020; however, to be actionable, objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. See United States v. Schronce, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). "The Supreme Court has expressly upheld the validity of such a waiver rule, explaining that 'the filing of objections to a magistrate's report enables the district judge to focus attention on those issues -- factual and legal -- *that are at the heart of the parties' dispute*.'" Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (2005) (citing Thomas v. Arn, 474 U.S. 140 (1985) (emphasis added)). In the absence of specific objections to the Report and Recommendation of the magistrate judge, this Court is not required to give any explanation for adopting the recommendation. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

Dourdoumis filed an objection to the Report (DE 16); however, to be actionable, objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. See United States v. Schronce, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). "The Supreme Court has expressly upheld the validity of such a waiver rule, explaining that 'the filing of objections to a magistrate's report enables the district judge to focus attention on those issues -- factual and legal -- *that are at the heart of the parties' dispute*.'" Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (2005) (citing Thomas v. Arn, 474 U.S. 140 (1985) (emphasis added)). In the absence of specific objections to the Report and Recommendation of the magistrate judge, this Court is not required to give any explanation for adopting the recommendation. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

Upon review, the Court finds that Petitioner objects to the Report on the basis that there was a substantive law change after his first § 2251 action "such that the conduct of which the prisoner was convicted is deemed not to be criminal." (DE 14, p. 2.) Petitioner alleges that he was not indicted for the 4 elements now required in Rehaif v. United States, 139 S. Ct. 2191 (2019), and thus his plea is not knowing or intelligent as required by United States v. Gary, 954 F.3d 194 (4th Cir. 2020). This objection mirrors and restates Petitioner's underlying argument in his Petition. (DE 1, p. 2.)

Accordingly, this Court overrules the objection as non-specific, unrelated to the dispositive and/or at the heart of disputed portions of the Report and Recommendation, or merely restate his arguments. In the absence of objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983). The Court must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005). After a thorough review of the Report and Recommendation and the record in this case, the Court adopts the Report and Recommendation and incorporates it herein.

**IT IS, THEREFORE, ORDERED** that Dourdoumis's Petition for habeas relief is dismissed without requiring Respondent to file an answer or return because this Court lacks jurisdiction to consider the Petition.

**IT IS, FURTHER, ORDERED** that a certificate of appealability is denied because Defendant has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

**AND IT IS SO ORDERED.**

Joseph Dawson, III  
United States District Judge

Greenville, South Carolina  
September 17, 2021

## NOTICE OF RIGHT TO APPEAL

Plaintiff is hereby notified that he has the right to appeal this order within sixty (60) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.